Judgment reversed, new trial ordered, costs to appellant to abide event.

———————

CHARLES M. HOUGH, as Receiver, etc., of ARNOLD FELDSTEIN, Bankrupt, Respondent, *v.* RICHARD A. CANFIELD, Appellant.

*Preference on the calendar — a temporary receiver of a bankrupt is not entitled thereto.*

An action brought by a temporary receiver of a bankrupt, appointed by the United States District Court, is not entitled to a preference on the calendar, under subdivision 5 of section 791 of the Code of Civil Procedure, as such an officer is not "a receiver appointed by the court" or "a trustee in bankruptcy."

APPEAL by the defendant, Richard A. Canfield, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 1st day of October, 1900, placing the cause upon the preferred calendar.

*John Delahunty*, for the appellant.

*A. Blumenstiel*, for the respondent.

PATTERSON, J.:

By the order appealed from in this cause, a preference on the calendar of the court was given upon a motion made by the plaintiff. He claimed the right to the preference under the provisions of section 791 of the Code of Civil Procedure. It is provided, among other things, by the 5th subdivision of that section, that in any court an action or special proceeding in which an executor or an administrator or testamentary trustee, or an infant or a trustee of a fund for the support and maintenance of an infant, or a receiver appointed by the court, or a trustee in bankruptcy, is entitled to a preference.

An action in which the plaintiff is a *receiver* in bankruptcy is not within those designated in the statute as entitled to a preference. The plaintiff alleges in his complaint that he is a *temporary* receiver of a bankrupt, and that, by the order of the United States District Court appointing him, he is authorized to collect and receive into his possession outstanding accounts and debts due to the bankrupt. The "receiver appointed by the court," mentioned in the 5th subdivision of section 791 of the Code of Civil Procedure, is not one in bankruptcy. Prior to the amendment of section 791 by chapter 144 of the Laws of 1900, there was no provision in the statute by which an action to which a bankruptcy official was a party was entitled to a preference. The amendment of 1900 consists in the introduction in subdivision 5, after the words "or a receiver appointed by the court," of the words "or a trustee in bankruptcy." It is quite plain that the amendment of 1900 was intended to relate only to those who actually are trustees in bankruptcy — those who have the general administration and distribution of the bankrupt estate — and we are not authorized to extend the requirement of the statute to a class of persons not in terms included within it.

We think the order was wrong and should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.